IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ALEXANDER WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:19-CV-371-WHA |
| | ) | [WO] |
| SHERIFF DONALD VALENZA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 case is pending before the court on a complaint filed by Alexander Williams who is incarcerated at the Houston County Jail. Williams sues Donald Valenza, the Sheriff of Houston County, James Brazier, the Commander of the Houston County Jail, and the Houston County Health Department over the constitutionality of conditions at the jail.

Upon review, the court finds the claims against the Houston County Health Department are subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

**II. DICUSSION**

Williams names the Houston County Health Department, a division of the Alabama Department of Health, as a defendant. The State of Alabama and, by extension, its departments are absolutely immune from suit. *Papasan v. Allain*, 478 U.S. 265 (1986) (holding that unless the State consents to suit, a plaintiff cannot proceed against the State or any department thereof as the

---

[1] The court granted Williams leave to proceed *in forma pauperis* in this case. Doc. 3. This court is therefore permitted to screen the complaint under 28 U.S.C. § 1915(e)(2)(B). This statute directs the court to dismiss a claim or defendant if it determines that the complaint presents a claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

action is proscribed by the Eleventh Amendment and "[t]his bar exists whether the relief sought is legal or equitable."). Consequently, Williams' claims against the Houston County Health Department are frivolous as they are "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's claims against the Houston County Health Department be summarily DISMISSED with prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2.  The Houston County Health Department be DISMISSED with prejudice and terminated as a party prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i).

3.  This case be REFERRED to the undersigned for further proceedings.

It is further

ORDERED that **on or before June 17, 2019**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of issues covered in the report and shall bar a party from attacking on appeal factual findings in the

---

[2] Even if the Houston County Health Department periodically inspects the jail, it is not responsible for the conditions which exist at the facility and, therefore, it may not be subject to suit or liability for such conditions.

report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 3rd day of June 2019.

/s/    Charles S. Coody
UNITED STATES MAGISTRATE JUDGE