IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALEXANDER WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:19-CV-371-WHA |
| | )                [WO] |
| SHERIFF DONALD VALENZA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff filed this 42 U.S.C. § 1983 action on May 28, 2019. When he filed suit, Plaintiff was incarcerated at the Houston County Jail in Dothan, Alabama. On May 31, 2019, the court entered an order of procedure directing Defendants to file an answer and special report. Doc. 4. The order directed Plaintiff to "immediately inform the court and Defendants or Defendants' counsel of record of any change in his address." *Id.* at 3, ¶8. The order also advised Plaintiff that "[f]ailure to provide a correct address to this court within ten (10) days following any change of address will result in the dismissal of this action." *Id*.

It recently came to the court's attention that Plaintiff is no longer in the custody of the Houston County Jail. Accordingly, the court entered an order August 29, 2019, requiring that by September 9, 2019, Plaintiff file with the court a current address and/or show cause why this case should not be dismissed for his failure to adequately prosecute this action. Doc. 17. The August 29 order specifically advised Plaintiff this case could not proceed if his whereabouts remained unknown and cautioned him that his failure to comply with its directives would result in the dismissal of this case. Plaintiff's copy of the August 29, 2019, order was returned to the court September 9, 2019, marked as undeliverable.

The foregoing makes clear Plaintiff has failed to comply with the directives of the orders entered by this court and reflects a lack of interest in the continued prosecution of this case.  This action cannot proceed properly in Plaintiff's absence.  The court, therefore, concludes this case is due to be dismissed.  *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for Plaintiff's failures to comply with the orders of this court and to prosecute this action.

It is

ORDERED that on or before **October 2, 2019**, the parties may file an objection to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 18th day of September 2019.

    /s/   Charles S. Coody
UNITED STATES MAGISTRATE JUDGE